## HANCOCK v. ANDREWS, U. S. Atty.

### No. 11940.

Circuit Court of Appeals, Fifth Circuit.

May 21, 1947.

548

Wm. G. Grant, Marion Smith and Louis Regenstein, Jr., all of Atlanta, Ga., for appellant.

M. Neil Andrews, Sp. Asst. to U. S. Atty., and Joel B. Mallet, Asst. U. S. Atty., both of Atlanta, Ga., for appellee.

Before HUTCHESON, McCORD, and WALLER, Circuit Judges.

WALLER, Circuit Judge.

Although appellant had practiced for a good many years in the Federal Court for the Northern District of Georgia he had failed, unintentionally, to be admitted to practice in that Court. On December 30, 1946, that Court, being therefore unable to suspend him, ordered that he be "barred from practice in the United States District Court for the Northern District of Georgia for a period of six (6) months from this date and until he has made formal application for admission to this bar and been admitted thereto."

The facts that gave rise to the proceedings in the lower Court grew largely out of the handling by appellant and attorney Wheeless of a case lately pending therein. Prior to the hearing below this matter was investigated by the Grievance Committee of the Atlanta Bar Association, which functions under the Superior Court of Fulton County, Georgia. That Committee recommended to the Superior Court only that a letter of reprimand and admonition should be sent to these attorneys. This was done. It is argued to us that this action by the State Court should have been accepted by the Federal Court as conclusive, especially as to any phases of professional conduct in cases in the State Court, or as to conduct in cases other than the one pending in the Federal Court. It is urged that the Federal Court has no power of supervision over the conduct of attorneys in cases in the State Court.

We are unable to say just what significance, if any, the lower Court attached to the evidence of conduct of the appellant in State Court cases. The Court said: "In my opinion, the conduct of both Hancock and Wheeless in the Buchanan case [which was the case in the Federal Court] was highly unprofessional and unethical. The concealment from their client of the amount of the settlement of the Office of Price Administration case and subsequent conduct in reference thereto were inexcusable." This statement indicates that the action of the lower Court was taken on account of the conduct of appellant in the Buchanan case as distinguished from any conduct of the appellant in State Court cases. Concededly, the Federal Court had no right to regulate the practice or malpractice of law in the State Courts, but it must also be conceded that disciplinary action taken by State Courts against an attorney for unprofessional conduct in a case pending in the Federal Court does not preclude the Federal Court also from taking action in such a matter. The evidence in reference to matters arising out of State Court cases was cumulative. There was sufficient evidence, which the lower Court believed, as to unprofessional conduct in connection with the case in Federal Court to support the order made in the case.

The penalty that the appellant be barred from practice in the lower Court for a period of six months and until he had been admitted to practice indicates that the Court did not consider the offense of appellant as one involving great moral turpitude. The argument that the order in and of itself closes the door to the admission of the appellant at the expiration of the six-month period anticipates that because of the present order the Court will deny appellant admission to practice upon application. Such is not, and should not be, the import of the order for the evidence is not sufficient to justify a permanent debarment of appellant.

The lower Court had a wide discretion in making the order in this case and it is not shown that such discretion was abused.

The order is affirmed.